### PROCEDURE IN REPLEVIN CASES.

Circuit Court of Lorain County.

THE J. D. SMITH FOUNDRY & SUPPLY CO. V. THE LORAIN COUNTY BANKING COMPANY.

Decided, April 29, 1908.

*Replevin—Trial by Court—Right of Property or Possession Must be Found Before Judgment for Defendant Can be Entered.*

In an action in replevin, where the issues are submitted to the court without the interevention of a jury, it is error for the court to find for the defendant and assess his damages without first finding whether, at the beginning of the action the right of property, or the right of possession only, was in the defendant, and this finding must be carried into the judgment entry.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The record in this case, for our consideration, consists simply of the transcript from the court of common pleas. The original pleadings were not filed in this court, nor have we any bill of exceptions. A motion is made here by the plaintiff in error for leave to file the original pleadings. That motion is denied. The statute provides, Section 6716, that:

"The plaintiff in error shall file with his petition either a transcript of the final record, or a transcript of the docket and journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of."

Whether or not we might, in our discretion, permit the filing of the original papers at this time, it is not necessary here to consider. We have before us a transcript of the docket and journal entries of the court of common pleas, and if from those we find that there was error in the proceedings of the court, the judgment must be reversed.

We do find that the action was in replevin. This we find from the entry of February 19, 1907, which reads, "Original papers from C. C. Lord's docket to-wit, affidavit in replevin, writ of summons, replevin bond by plaintiff, and by defendant filed."

We find also from this entry that a bond was filed by the plaintiff in replevin. We further find from this transcript, by the entry of October 1, 1907, that:

"On the application of the defendant, Charles Cahoon, as constable, and the Lorain County Banking Company, that the said the Lorain County Banking Company might be substituted as the defendant in such action and it appearing to the court that the said the Lorain County Banking Company is the party in whose favor the attachment issued in the lower court, it is therefore ordered, adjudged and decreed that the defendant, the Lorain Banking Company, be substituted as a party and in the place of the said constable, and that the defendant be allowed to file an answer herein instanter."   -

We find here that at the trial a jury was waived by all parties, and that the cause came on to be heard before the court upon the petition of the plaintiff and the answer of Charles A. Cahoon, constable, and the Lorain County Banking Company and upon the evidence presented by plaintiff herein. At the close of plaintiff's evidence, and after said plaintiff had rested, the said defendants moved the court for judgment for the defendants; thereupon the court, after argument by counsel, found the plaintiff had failed in its evidence to sustain the material allegations of its petition, and thereupon, upon the application of the defendants found that the damages sustained by the said defendants were in the amount of $350.

"Wherefore it is ordered, adjudged and decreed that the defendant, Charles A. Cahoon, recover of the plaintiff the said damages aforesaid in the sum of $350, for which judgment is hereby entered together with the costs of the suit."

There are matters shown on this transcript which seem to be, in some degree at least, original. The banking company was substituted as a defendant in the action for Cahoon, who was sued originally as a constable. Cahoon afterwards was permitted to file an answer, and the transcript shows that such answer was a general denial. What the answer of the Lorain · County Banking Co. was we can not know, because the original files are not before us. The judgment is in favor of Cahoon, but not in terms as constable, and that judgment was in his

favor, after another party had been substituted in his stead as a defendant. However, the difficulty in the case is that the issues having been submitted to the court without the intervention of a jury, the court proceeded to render a judgment for the defendant, without having first found whether it was the right of property or the right of possession which was in the defendant in whose favor the judgment was rendered.

Section 5826, Revised Statutes of Ohio, provides:

"When the property is delivered to the plaintiff or remains in the hands of the sheriff, as provided in section fifty-eight hundred and twenty, if the jury, upon issue joined, find for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant."

The purpose of this section is manifest, that in case the right of property is found in the defendant, and it has been taken in the proceedings in replevin by the plaintiff, the defendant will be entitled, as his damages, to the value of the property. If the right of possession only is in the defendant, it may be that his damages will be much less than the value of the property. For he may have the right of possession as a pledgee, or in some such way as that, but under such circumstances he would not be entitled to the entire value of the property which was taken from him. For the same reason that the jury are required to find whether it is the right of property or the right of possession which they find in the defendant, where the judgment is in his favor, the court would, when the matter is submitted to it without the intervention of the jury, find whether it is the right of property or the right of possession that is in the defendant. If it be said that where a judgment is rendered for the defendant, it must be presumed that the court made the right finding as to whether the right of property or the right of possession only was in the defendant, still the judgment fails to fix which it is, and surely the intention of the statute is that it shall be known by the judgment whether it is the one or the other that is found

in the defendant.    In the case of *Wolf* v. *Myer,* 12 Ohio St., 432, this is said by the court, quoting from the statute:

"In all cases where the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find, whether the defendant has the right of property, or the right of possession only, at the commencement of the suit."

Then follows this language by the court:

·"It is error for the court, in such a case, to assess the defendant's damages, without the intervention of a jury, and without finding whether the defendant had the right of property or the right of possession only, at the commencement of the suit."

It will be seen by this that if the jury is dispensed with, then the court doing that which the jury (if there is a jury) is required to do, must find affirmatively whether it was the right of property or the right of possession only which was in the defendant at the time of the commencement of the action.

For error in entering judgment for the defendant without having first found whether the right of property was in the defendant or the right of possession only, the judgment is reversed and the cause remanded to the court of common pleas.